UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA GRAY,

    Plaintiff,

vs.                                      Case No.  3:06-cv-990-J-20MCR

STATE OF FLORIDA DEPARTMENT OF
JUVENILE JUSTICE,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Rule 26(a)(1)(C) Initial Disclosures (Doc. 12) filed January 9, 2007.  Plaintiff filed a response (Doc. 13) on January 26, 2007.  Accordingly, this matter is ripe for review.

In her Complaint, Plaintiff seeks compensatory damages for emotional distress. (Doc. 2).  When submitting her Rule 26 initial disclosures to Defendant, Plaintiff did not provide a computation for her claim for emotional distress damages.  Defendant brings this Motion seeking an Order from this Court compelling Plaintiff to provide a computation for her compensatory damages for emotional distress.  (Doc. 12). Additionally, Defendant asks this Court to award it a reasonable sum for its attorney's fees incurred in bringing this Motion.

Rule 26(a)(1)(c) provides "a party must, without awaiting a discovery request, provide to other parties . . . a computation of *any* category of damages claimed by the disclosing party . . . ." Fed. R. Civ. P. 26(a)(1)(C) (emphasis added).  Rule 26(a)(1)

further provides "[a] party must make its initial disclosures based on the information then reasonably available to it . . . ." Fed. R. Civ. P. 26(a)(1).

Defendant argues Rule 26 requires Plaintiff to calculate the compensatory damages it seeks for emotional distress and to produce such calculation to Defendant. (Doc. 12). Defendant points out that Rule 26 specifies a party must compute all damages and that it does not carve out an exception for damages based on emotional distress. Id. Plaintiff, on the other hand, argues its emotional distress damages are unquantifiable. (Doc. 13, p. 1). Rather than suggesting a specific amount of money to the jurors, Plaintiff intends to tell the jurors they should award Plaintiff an amount for emotional distress that they believe is fair under the circumstances. (Doc. 13, p. 1).

In considering damages for mental pain and suffering, the Fifth Circuit in Georgia Southern & Florida Railway Co. v. Perry stated "[t]here is no exact yardstick by which recovery is to be measured and the solving of the difficulty in determining the amount of the award is left to the discretion of the jury unless clearly arbitrary or so great as to be shocking to the judicial conscience or indicate that the jury was influenced by prejudice or passion." 326 F.2d 921, 926 (5th Cir. 1964).[1] Nevertheless, this Court and the United States District Court for the Northern District of Florida have compelled parties to provide a calculation for compensatory damages based on emotional distress when providing their Rule 26 initial disclosures. See Mathews v. Crosby, Case No. 3:99-cv-01117 (M.D. Fla. 2002) (Doc. 121-3) (requiring Plaintiff to provide Defendants with a computation of compensatory damages for emotional distress); Dixon v. Bankhead,

---

[1] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) adopted decisions of the former Fifth Circuit rendered prior to October 1, 1981 as precedent.

2000 WL 33175440 (N.D. Fla. 2000) (stating "[i]f Plaintiff is permitted to testify to his intangible emotional harm, as he should be, he surely can place a dollar value on that from his own perspective.  He is in a better position to do this than the jury." ).

Notably, various other courts have held calculations for emotional distress damages are not required under Rule 26(a)(1)(C).  See e.g., Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. 2005) (holding plaintiff was not required to disclose a dollar amount of damages under Rule 26(a)(C)(1) because plaintiff did not intend to ask the jury for a specific dollar amount of damages at trial); Burrel v. Crown Central Petroleum, Inc., 177 F.R.D. 376, 386 (E.D. Tex. 1997) (finding no computation of compensatory damages attributable to mental anguish necessary under Rule 26(a)(1)(C) because such damages will be determined by the trier of fact).  This Court agrees with the reasoning provided by these courts.  Moreover, this Court finds the instant case distinguishable from Mathews because in Mathews the plaintiff intended to suggest to the jury an amount for emotional damages, but argued he could not determine such amount until discovery had taken place.  See Mathews, Case No. 3:99-cv-01117 (M.D. Fla. 2002), Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel (Doc. 127, p. 3)).

Here, Plaintiff does not intend to suggest an amount to the jury for such damages; rather, she intends to leave an amount entirely up to the jurors' discretion.  It is within Plaintiff's discretion to choose the strategy she intends to pursue at trial and whether or not she intends to suggest to the jury a specific amount of money she deems proper for emotional damages.  Although the Dixon court believed a plaintiff is in the best position to place a dollar amount on the amount of damages sought for emotional

harm, this Court agrees with the reasoning in Perry which suggests compensatory damages for emotional distress may not be susceptible to computation and thus, it is within the jurors ability to determine a reasonable amount.  Perry, 326 F.2d 921, 926 (5th Cir. 1964).  As such, Plaintiff is not required to provide Defendant with a calculation of her suggested compensatory damages for emotional distress pursuant to Rule 26(a)(1)(C).  This conclusion, however, mandates that in the event this case proceeds to trial, Plaintiff may not suggest to the jury a suggested amount of compensatory damages for her emotional distress.

Accordingly, it is

**ORDERED**:

1.   Defendants' Consented Motion to Compel Rule 26(a)(1)(C) Initial Disclosures (Doc. 12) is **DENIED.**

2.   The parties will bear the burden of their own costs in bringing this Motion and responding to this Motion.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of January, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record