UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA GRAY,

    Plaintiff,

vs.                                                Case No.  3:06-cv-990-J-20MCR

STATE OF FLORIDA, DEPARTMENT OF
JUVENILE JUSTICE,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Mental Examination of Plaintiff (Doc. 15) filed June 26, 2007.  Plaintiff filed a response in opposition (Doc. 7) on July 20, 2007.  Also before the Court is Defendant's Motion for Enlargement of Time to Serve Defendant's Expert Witness Disclosures (Doc. 18) filed July 20, 2007.

### **I. MOTION TO COMPEL**

**A.**     **BACKGROUND**

Plaintiff worked for Defendant for approximately nine years, most recently as a Juvenile Probation Officer Supervisor.  (Doc. 2, p. 2).  Plaintiff alleges she was continuously harassed, from May 2004 through May 2006, by her supervisor on account of her race.  Id.  Plaintiff filed a charge of racial harassment on April 26, 2006, and also reported such harassment to Defendant on several occasions.  Id.  Plaintiff was terminated by Defendant on or about May 8, 2007.  Id. at 3.  Defendant told Plaintiff she

-1-

was terminated for her insubordination and poor performance.  Id.  Plaintiff contends, however, that she was terminated because of her race and in retaliation for filing a charge of discrimination against Defendant with the Equal Employment Opportunity Commission.  Id.  Plaintiff filed a Complaint asserting claims against Defendant for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000(e) *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.*  (Doc. 2).

Defendant seeks an Order from this Court compelling Plaintiff to undergo a mental examination by Dr. Kalkines, a licensed industrial and consulting psychologist, in Jacksonville, Florida.  (Doc. 15).  Defendant argues Plaintiff, by seeking damages for emotional distress and complaining that her anxiety and depression have been aggravated by Defendant's actions, has placed her mental condition at issue in this case.  Id. at 6.  Defendant further argues there is good cause for a mental examination because Plaintiff is seeking emotional distress damages and Plaintiff's distress will play a central role in the case.  Id. at 6.  Defendant also seeks to recover its attorneys' fees and costs associated with filing this Motion.  Id. at 8.

Plaintiff responds that she has not placed her mental state at issue merely by seeking emotional distress damages.  (Doc. 17, pp. 3-4).  Moreover, Plaintiff argues Defendant has failed to show the requisite good cause as to why such examination is necessary.  Id. at 4.  Finally, in the event the Court grants Defendant's Motion, Plaintiff requests the Court enter an Order prohibiting the psychologist from opining on Plaintiff's credibility.  Id. at 6.

**B.     DISCUSSION**

Rule 35(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> When the mental or physical condition (including the blood group) of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody of legal control.  The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed.R.Civ.P. 35(a).  Accordingly, to be entitled to an IME, Defendant must establish that Plaintiff has put her mental condition "in controversy" and must also show "good cause" for the IME.  Shlagenhauf v. Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 242 (1964).  Rule 35 requires a greater showing than for other types of discovery under Rule 26, see Ali v. Wang Laboratories, Inc., 162 F.R.D. 165, 167 (M.D. Fla. 1995); stated another way, it is not sufficient that the elements of Plaintiff's claim "could be better proved by evidence of a party's . . .mental condition."  Jacksonville Shipyards, Inc., 118 F.R.D. 525, 527 (M.D. Fla. 1988).

Here, in her Initial Disclosure Statement, Plaintiff states she seeks emotional distress damages in an unliquidated amount to be determined by the jury.  (Doc. 15-3, p. 3).  She further explains in her response to Defendant's First Set of Interrogatories, that she takes antidepressant medication, has suffered sleeplessness, and has exhibited feelings of irritability, humiliation, anger, and depression as a result of Defendant's alleged acts.  (Doc. 15-4, p. 3).  Moreover, Plaintiff states the loss of

income stemming from her termination causes her to have anxiety about her future, and her depression has affected her relationship with her boyfriend.  Id.  Finally, Plaintiff states she has been diagnosed with depression and anxiety and although she experienced depression before the discrimination and retaliation incident alleged in this lawsuit, such incident aggravated her depression.  (Doc. 15-5, p. 3).

A review of the pleadings and discovery offered in support of this motion demonstrates to this Court that Plaintiff has put her mental condition in controversy.  Specifically, Plaintiff claims Defendant's actions aggravated her depression.  This is not a case where Plaintiff simply claims emotional damages without more; rather, here, Plaintiff has gone beyond asserting a mere claim for emotional distress in that she alleges her mental condition is ongoing and has been exacerbated by Defendant.  Ali, 162 F.R.D. at 168.

Likewise, Defendant has shown good cause for Plaintiff to undergo a mental examination.  Plaintiff's emotional damages will be an issue in the case during trial and Plaintiff will no doubt testify, either through her own testimony or through that of an expert, regarding her claims of emotional distress and the extent of her damages related to such distress.  Defendant is entitled to have an opportunity to challenge Plaintiff's claims and testimony, and utilizing an expert, who has had an opportunity to examine Plaintiff, is an acceptable and recognized way to do so.  Id.   Thus, Plaintiff shall make herself available for an examination by Dr. Kalkines.[1]

---

[1] Notably, Plaintiff did not object to Defendant's choice of Dr. Kalkines as the examiner.

Because the Court finds Defendant's Motion is due to be granted, Plaintiff's request that this Court prohibit Dr. Kalkines from opining on Plaintiff's credibility must now be considered.  Defendant states the examination will be limited to testing procedures and techniques recognized within acceptable psychological practice.  (Doc. 15, p. 7).  Notably, Fed. R. Civ. P. 35 (b) provides helpful instructions as to what type of information is deemed acceptable in the expert report; the expert should provide a detailed written report of the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all examinations of the same condition.

Plaintiff's concern that the examiner may offer an opinion regarding Plaintiff's credibility is legitimate.  In fact, it is true that courts have held expert testimony regarding the credibility of a witness or party inadmissable, finding such testimony an invasion of the jury's province.  See e.g., U.S. v. Falcon, 245 F. Supp. 2d 1239, 1245 (S.D. Fla. 2003) ("[A]bsent extreme or unusual circumstances, expert scientific testimony concerning the truthfulness or the credibility of a witness is inadmissible because it invades the jury's province in determining credibility.").  The Court, however, will refrain from providing rigid guidelines concerning the subject matter of the expert report, as it is nearly impossible to outline what is and what is not acceptable without the benefit of the testimony to be offered.  Stated another way, there is no easy way to provide exact guidelines concerning the subject matter of an expert opinion which could aid the jury in their credibility assessments, as opposed to testimony which is inadmissible because it merely attacks Plaintiff's credibility, without having the benefit of

reviewing such opinion. Suffice it to say, in his report, Dr. Kalkines should limit his findings to his personal diagnoses and conclusions regarding the causation and extent of the mental distress suffered by Plaintiff. In the event this case goes to trial and some portion of Dr. Kalkines testimony is contested, the District Court Judge will use his discretion in determining whether the testimony merely serves to attack Plaintiff's credibility, thus invading on the jury's province.

Finally, Defendant requests the Court award it attorneys' fees and costs associated with this Motion. Nothing in Fed. R. Civ. P. 35 entitles Defendant to attorneys' fees and costs in bringing this Motion.[2] Therefore, the parties will bear their own fees and costs in bringing and responding to this Motion.

## II. **MOTION FOR ENLARGEMENT OF TIME**

Also before this Court is Defendant's Motion for Enlargement of Time to Serve Defendant's Expert Witness Disclosures (Doc. 18). Because Plaintiff refused to voluntarily undergo a psychological evaluation by a licensed psychologist, Defendant filed the Motion to Compel addressed above. As a result, Defendant now seeks an enlargement of time, until August 20, 2007, in which to serve its expert witness disclosures. (Doc. 18, p. 3). Defendant states Plaintiff is not opposed to its requested

---

[2] Defendant also brought this Motion pursuant to Fed. R. Civ. P 37, and although Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, the party whose conduct necessitated the motion is required to pay the reasonable expenses, including attorney's fees, there is an exception if the Court finds the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances make an award of expenses unjust. The Court finds Plaintiff's objection was substantially justified because this issue involves an area of law that leaves significant discretion with the Court. As such, Plaintiff is not required to pay Defendant's expenses.

extension provided that Plaintiff is provided an opportunity to depose Defendant's expert after the close of discovery, if necessary. Id. at 2.  Defendant also states this extension will not affect the deadline for summary judgment, nor will it affect the dates scheduled for the pre-trial conference and trial term.  The Court finds Defendant's Motion for Enlargement of Time is due to be granted.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendant's Motion to Compel Mental Examination of Plaintiff (Doc. 15) is **GRANTED**.

2. The mental examination shall be conducted by Christopher T. Kalkines, Psy.D., at a date and time reasonable for both parties and Dr. Kalkines, but before **Wednesday, August 15, 2007**.  The exam should take place at Dr. Kalkines' office in Jacksonville, Florida, and the total time required of Plaintiff should not exceed **five (5) hours** absent good cause shown.  The scope of Dr. Kalkines exam should be limited to information that may reasonably relate to the issues of causation and the extent of the mental distress suffered by Plaintiff as an element of her claimed damages in the instant case.

3. Defendant's Motion for Enlargement of Time to Serve Defendant's Expert Witness Disclosures (Doc. 18) is **GRANTED.**  Defendant's expert witness disclosures are due no later than **Monday, August 20, 2007.**  Plaintiff shall have until **Friday, September 14, 2007** to depose Defendant's experts, if necessary.  The granting of this

Order shall not serve as a basis for seeking a continuance of any other dates previously established by this Court or the District Court in this matter.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  31st  day of July, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record